**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:　(916) 485-1111
Facsimile:　(916) 485-1111

Proposed Attorney for SCRIPPS TWO, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**SCRIPPS TWO, LLC**<br><br>Tax ID / EIN: 92-0622957<br><br>　　　　Debtor, | Case No. 2025-26371-A-11<br>Chapter 11<br>DCN: GEL-1<br><br>**INTERIM ORDER GRANTING MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date:　　November 20, 2025<br>Time:　　10:00 a.m.<br>Location:　501 I Street, 7th Floor,<br>　　　　　Courtroom 28, Dept. A<br>　　　　　Sacramento, CA<br><br>Judge:　　Honorable Frederick E. Clement |

　　　　SCRIPPS TWO, LLC, the Debtor and Debtor-in-Possession (the "Debtor") filed its *MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL* [ECF Nos. 6-10 ] (the "Motion"), which came on for hearing before the above-captioned Court on November 20, 2025 at 10:00 a.m. (the "Interim Hearing").  Written opposition was not required. Creditor ROIOF Series, a series of Red Oak Capital Fund Series, LLC ("Red Oak") appeared and consented to the relief requested in the Motion on an interim basis, as modified by this Order, but otherwise reserved all rights with

1

respect to objecting to the Motion at any final hearing, including the right to seek an increase in the adequate protection payments provided in this Order. No other opposition was made at the hearing.

The Court reviewed the Motion and the other pleadings on file and heard and considered the argument of counsel. The Court stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014. It appearing that the relief requested is necessary to preserve the Debtor's ongoing operations and necessary to avoid immediate and irreparable harm, and is in the best interests of Debtor, its estate, and its creditors; and in light of the circumstances and the emergency nature of the relief requested; and after due deliberation and sufficient cause appearing therefor,

BASED UPON THE RECORD ESTABLISHED AT THE INTERIM HEARING BY THE DEBTOR, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT
AND CONCLUSIONS OF LAW:

**IT IS HEREBY ORDERED THAT:**

1. <u>Motion Granted</u>. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. <u>Authorization to Use Cash Collateral</u>. Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(c)(2), the Debtor is authorized to use Cash Collateral on an interim basis in the amounts and for the purposes identified in the cash collateral budget attached hereto as **Exhibit A** (as may be amended, the "<u>Budget</u>") retroactive to the Petition Date of November 12, 2025 through December 31, 2025. (the "<u>Interim Period</u>"). All cash collateral use must be in accordance with the terms of the Budget, subject to variances of no more than 15% per line item for disbursements and collections (the "<u>Permitted Variance</u>").

3. <u>Adequate Protection</u>. In consideration for the use of the Cash Collateral, the Debtor shall provide the following adequate protection to Red Oak and California Statewide Communities Development Authority (collectively referred hereafter as the "Secured Creditors") to secure any diminution in the value of the collateral of the Creditors:

2

   a. <u>Replacement Lien</u>. Pursuant to Bankruptcy Code sections 361, and 363(e) and except as to otherwise validly perfected and unavoidable liens existing as of the Petition Date, Debtor grants Secured Creditors a replacement security interest and lien in the prepetition and postpetition assets of the Debtor to the same extent and priority granted Secured Creditors pursuant to the Prepetition Loan Documents (the "<u>Adequate Protection Replacement Lien</u>"). The Adequate Protection Replacement Lien shall be automatically perfected without the need for any additional filings or notices.

   For the avoidance of doubt, nothing in this Interim Order shall encumber any causes of action available under Chapter 5 of the Bankruptcy Code.

   b. <u>Monthly Payments</u>: Debtor shall pay the Secured Creditors starting December 10, 2025 monthly payments as follows:

| Creditor | Monthly Adequate Protection Payment |
|---|---:|
| Red Oak Capital Holdings, LLC | $30,000.00 |
| California Statewide Communities Development Authority | $4,837.00 |
|  | $34,837.00 |

   c. <u>Modification of Budget:</u> As further adequate protection for any use or diminution in the value of the prepetition lender's interest in the prepetition collateral (including, without limitation, the Cash Collateral), the Debtor will comply with the Budget and shall not make any disbursements other than those set forth in the Budget, subject to the Permitted Variance. The Budget may be modified with order of the Court as necessary.

   d. <u>Financial Reporting.</u>  None.

  4. <u>Final Hearing</u>. The hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on **<u>December 15, 2025 at 9:00 a.m.</u> (PT)** (the "Final Hearing Date"); and any objections to the Motion (a "Objection") must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) set forth the specific basis for the Objection; (d) be filed with the Clerk of this Court, together with proof of service, on or before

3

**December 2, 2025** (the "Objection Deadline"). Responses to the Objections must be filed on or before **December 9, 2025**.

      5.    <u>Notice</u>. The Debtor shall serve a notice of the entry of this Interim Order and notice of the Final Hearing Date, by regular mail within two days of the issuance of this Order from the Court upon (i) the U.S. Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor, (iii) affected creditors, (iv) the unsecured Creditor's Committee, if applicable and (v) any other party which has filed a request with this Court for notice in the Debtor's case and served such request upon the Debtor's counsel.

      6.    <u>Immediate Effectiveness</u>. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of effectiveness of this Interim Order.

      7.    <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction over any matters arising from or relating to the implementation and interpretation of this interim Order.

      8.    <u>Interim Order</u>. All provisions of this order shall be deemed interim, and the Court may disapprove any of the foregoing terms at the Final Hearing. The Court shall conduct a hearing to consider final approval of the Cash Collateral, the granting of adequate protection to Creditors and continued use of cash collateral on the Final Hearing Date.

      9.    <u>Interim Budget Restrictions</u>. Notwithstanding the inclusion of such payments in the Budget, the Court is not approving any payments that must be approved under 11 U.S.C. §§ 330, 331, 363(b), and/or 503(c), including professional fees and insider compensation. The rights of all parties with respect to any such payments are reserved.

      IT IS SO ORDERED.

Dated: November 25, 2025

                                                          _____
                                                          Fredrick E. Clement
                                                          United States Bankruptcy Judge

APPROVED AS TO FORM:

BRYAN CAVE LEIGHTON PAISNER LLP

BY: _____
      Sharon Z. Weiss
Attorney for Creditor ROIOF Series,
a series of Red Oak Capital Fund Series, LLC

# EXHIBIT A

| INTERIM BUDGET | | | |
|---|---|---|---|
| | | Nov-1 | Dec-1 |
| **Operating Revenue** | | | |
| Rental Income | | $86,049 | $86,367 |
| CAM Reimbursements | | | |
| Rent Concession | | -$9,003 | -$9,003 |
| Vacancy Factor | 5% | | |
| **Effective Gross Revenue** | | **$77,046** | **$77,364** |
| | | | |
| **Operating Expenses** | | | |
| Elevator Service | | $636 | $636 |
| Water & Sewer | | $977 | $977 |
| Electric | | $3,257 | $3,257 |
| Gas | | $105 | $105 |
| Waste | | $380 | $380 |
| G&A | | $438 | $438 |
| Repairs and Maintenance | | $583 | $583 |
| Landscaping | | $1,100 | $1,100 |
| Management Fee | 4.0% | $0 | $0 |
| Pest Control | | $201 | $201 |
| Real Estate Taxes | | $4,837 | $4,837 |
| Janitorial | | $5,862 | $5,862 |
| Insurance | | $808 | $808 |
| **Total Operating Expenses** | | **$19,184** | **$19,184** |
| | | | |
| **Bankruptcy Expenses** | | | |
| Red Oak Capital Holdings | | $0 | $30,000 |
| California Statewide Comm. | | $4,837 | $4,837 |
| UST Quarterly Fees | | $0 | $250 |
| Professional Fees | | $0 | $0 |
| **Total Bankruptcy Expenses** | | **$4,837** | **$35,087** |
| | PSF | | |
| **Net Operating Income** | | **$53,024** | **$23,092** |

6