**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No. 169446)
sharon.weiss@bclplaw.com
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:	(310) 576-2100
Facsimile:	(310) 576-2200

William J. Easley (Pro Hac Vice forthcoming)
will.easley@bclplaw.com
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone:	(816) 374-3200
Facsimile:	(816) 374-3300

*Attorneys for ROIOF SERIES, a series of
RED OAK CAPITAL FUND SERIES, LLC*

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Scripps Two, LLC,<br><br>            Debtor. | Case No. 25-26371-A-11<br>Chapter 11<br>DCN: GEL-1<br><br>**DECLARATION OF RYAN ANDERSON IN SUPPORT OF ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC's OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL [ECF 6].**<br><br>Date:  December 15, 2025<br>Time:  9:00 a.m.<br>Place:  501 I Street, 7th Floor<br>        Courtroom 28, Dept. A<br>        Sacramento, CA<br><br>Judge: Honorable Frederick E. Clement |

1

DECLARATION OF RYAN ANDERSON IN SUPPORT OF ROIOF SERIES' OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION;

I, Ryan Anderson, declare under penalty of perjury:

1. I am a Vice President of Asset Management at Red Oak Capital Holdings, the parent company of Red Oak Capital Fund Series, LLC, and its series, ROIOF Series ("Red Oak") and am authorized to make this declaration on Red Oak's behalf. I make this declaration in connection with the Objection to Debtor's Motion to Use Cash Collateral and Grant Adequate Protection; Scheduling Deadlines relating to a Final Hearing on Use of Cash Collateral (the "Cash Collateral Motion"). I am over the age of 18 years and am competent to make this Declaration. As to the facts set forth in this Declaration, I know them to be true based on my review of business records maintained by Red Oak concerning its loan with Scripps Two, LLC ("Debtor") and public tax records.

2. The records I reviewed, which are separately submitted as Exhibits A-K to this Declaration, are kept by Red Oak in the regular course of business, are made at or near the time the information is transmitted by an employee or representative of Red Oak with knowledge of the act, event, condition, or opinion recorded, and are kept in the course of Red Oak's regularly conducted business. If called upon to testify as to the matters set forth in this Declaration, I could and would competently testify thereto since the facts set forth herein are known to me to be true.

3. On November 28, 2022, Debtor and Red Oak Capital Holdings, LLC ("Original Lender") entered into a Commercial Loan and Security Agreement (as amended, the "Loan Agreement") which, among other things, set forth the terms upon which Original Lender would loan approximately $9,000,000 (the "Loan") to Debtor. A true and accurate copy of the Loan Agreement is attached as **Exhibit A**.

4. The Loan was evidenced by a Secured Promissory Note dated November 28, 2022, in the original principal amount of $9,000,000.00 that was executed by Debtor and delivered to Original Lender (the "Note"). A true and accurate copy of the Note and its allonges are attached as **Exhibit B**.

5. Repayment of the Note was secured by, among other things, a Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing dated November 30, 2022, (the "Deed of Trust") recorded in the Sacramento, California Register

1  of Deeds on November 30, 2022, in Volume 2022 at page 11301168 which granted Original Lender
2  a security interest on, among other things, the real property commonly known as 2 Scripps Dr.
3  Sacramento, California 95825 and more particularly described in the Deed of Trust (the "Property").
4  A true and accurate copy of the Deed of Trust is attached as **Exhibit C**.

5      6. The Deed of Trust additionally granted Original Lender a security interest in, among
6  other things, the rents generated by the Property ("Rents" and collectively with the Property and all
7  other real and personal property interests of Debtor pledged to repay the Loan, the "Collateral").
8  Exhibit C at §§ 1.1(h); 1.2.

9      7. Original Lender's security interest in the Collateral was further perfected a UCC-1
10 submitted in the California Secretary of State's UCC filing system on December 1, 2022, as File
11 Number U220247926435 (the "UCC-1"). A true and accurate copy of the UCC-1 is attached as
12 **Exhibit D**.

13     8. As additional security for the repayment of the Note, Debtor executed a Cash
14 Management Agreement dated November 30, 2022, ("Cash Management Agreement") which,
15 among other things, provided that upon certain events specified in the Loan Agreement, including
16 but not limited to an event of default, Debtor would be required to establish a cash management
17 account at a designated bank and deposit the Rents into this account. A true and accurate copy of
18 the Cash Management Agreement is attached as **Exhibit E**.

19     9. Collectively, the Loan Agreement, Note, Deed of Trust, Cash Management
20 Agreement and all other documents and instruments executed in connection with the Loan, as they
21 each may be amended, are the "Loan Documents".

22     10. Each of the Loan Documents were subsequently assigned to Red Oak Income
23 Opportunity Fund LLC ("ROIOF") by virtue of the following documents and instruments:

    A. An allonge to the Note dated December 9, 2022, executed by Original Lender in favor of ROIOF. *See* Exhibit B.

    B. An Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement and Fixture Filing dated December 9, 2022, (the "DOT Assignment") executed by Original Lender in favor of ROIOF and recorded in the Sacramento, California Register of Deeds on January 3, 2023, in Volume 2023 at page 011030456. A true and accurate copy of the DOT Assignment is attached as **Exhibit F**.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

C. A UCC-3 Financing Statement Amendment in favor of ROIOF submitted in the California Secretary of State's UCC filing system on January 3, 2023, as File Number U230000409118 (the "UCC-3"). A true and accurate copy of the UCC-3 is attached as **Exhibit G**.

D. An Assignment of Loan Documents dated December 9, 2022, executed by Original Lender which, among other things, assigned the Loan Agreement, Note, Cash Management Agreement, UCC-1, Deed of Trust, and all other documents and instruments related to or evidencing the Loan to ROIOF (the "General Assignment"). A true and accurate copy of the General Assignment is attached as **Exhibit H**.

11. Red Oak gained an interest in each of the Loan Documents by virtue of its merger with ROIOF on October 5, 2023 and designated the Loan as part of its ROIOF Series. A true and accurate copy of the State of Delaware Certificate of Merger of Domestic Limited Liability Company into Domestic Limited Liability Company ("Merger Certificate") is attached as **Exhibit I**.

12. On August 16, 2024, the Original Loan Agreement was amended pursuant to a First Amendment to Loan Agreement (the "First Amendment to Loan Agreement") which, among other things, authorized Debtor to obtain the C-PACE Loan from the California Statewide Communities Development Authority ("C-PACE Lender"). A true and accurate copy of the First Amendment to Loan Agreement is attached as **Exhibit J**.

13. Pursuant to the terms of the Loan Agreement, Debtor agreed, among other things, to pay interest on the Loan on the first of each month until the amounts owed under the Loan were paid in full. Exhibit A at p. 20, 112; Exhibit B at Article 1.

14. Debtor additionally agreed to pay the full amounts owed under the terms of the Loan Documents on or before November 30, 2024, unless otherwise extended pursuant to the terms of the Loan Agreement ("Maturity Date"). Exhibit A at § 2.8; p. 112.

15. The First Amendment to Loan Agreement also required, among other things, that Debtor remain in compliance with the terms of the C-PACE Loan and complete certain improvements at the Property on or before March 31, 2025. Exhibit J at §§ 12.1.1.2; 12.1.4.

16. Beginning December 1, 2024, Debtor ceased making monthly payments of interest and on February 24, 2025, Debtor was sent a Notice of Events of Default; Reservation of Default Rate; Demand for Payment ("First Demand Letter") which, among other things, informed Debtor

1    of defaults under the terms of the Loan Documents for Debtor's failure to make required payments
2    of interest on December 1, 2024, January 1, 2025 and February 1, 2025. A true and accurate copy
3    of the First Demand Letter is attached as **Exhibit K**.

4         17.    On March 21, 2025, Debtor was sent a Supplemental Notice of Events of Default;
5    Trigger of Cash Management; Acceleration and Demand for Payment ("Second Demand Letter")
6    which, among other things, informed Debtor that in addition to the defaults identified in the First
7    Demand Letter, it was additionally in default for failing to make the payment due on March 1, 2025,
8    and that cash management procedures pursuant to the Cash Management Agreement were triggered.
9    A true and accurate copy of the Second Demand Letter is attached as **Exhibit L**.

10         18.    On April 24, 2025, Debtor was sent a Supplemental Notice of Maturity Default;
11    Demand for Payment ("Third Demand Letter") which, among other things, informed Debtor that
12    in addition to the defaults identified in the First Demand Letter, that Debtor was additionally in
13    default under the terms of the Loan Documents by failing to pay the full amounts owed on or before
14    the Maturity Date and that the full amounts outstanding under the Loan Documents was due and
15    payable in full. A true and accurate copy of the Third Demand Letter is attached as **Exhibit M**.

16         19.    On July 23, 2025, Debtor was sent a Notice of Maturity Default; Demand for
17    Payment ("Fourth Demand Letter") which, among other things, noted that Debtor was in default
18    under the terms of the Loan Documents by, among other things, failing to complete certain
19    improvements at the Property on or before March 31, 2025, as required by the Loan Documents;
20    the failure to pay certain assessments as required by the C-PACE Loan; the failure to pay property
21    taxes when due; and the failure to pay the amounts owed under the Loan on or before the Maturity
22    Date. A true and accurate copy of the Fourth Demand Letter is attached as **Exhibit N**.

23         20.    During this period, Debtor and Red Oak began discussions regarding a potential
24    extension of the Maturity Date and for the advancement of additional sums to complete the repairs
25    at the Property. Red Oak engaged in these discussions because it understood that Debtor was in
26    negotiations with an entity called Behavior Frontiers to lease a substantial part of the unleased
27    portion of the Property. Behavior Frontiers backed out of this planned lease so the parties were
28    unable to agree to any extension of the Loan.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

21. Given these defaults and the failure of extension discussions, Red Oak initiated a non-judicial foreclosure sale of the Property pursuant to the terms of the Deed of Trust and scheduled a sale for November 13, 2025.

22. Pursuant to the Loan Documents, regular interest accrues on the Loan each month in the amount of $67,500 for thirty-day months and $69,750 for thirty-one day months, not including default interest, costs, fees, and other amounts accruing pursuant to the terms of the Loan Documents.

23. While Debtor claims that the Property has a total market value of $17,720,000.00, Red Oak has an appraisal dated February 21, 2025, showing that the prospective as stabilized value of the Property is $11,300,000.00 ("Red Oak Appraisal"). A true and accurate copy of the Red Oak Appraisal is attached as **Exhibit O.**

24. Red Oak obtained the Red Oak Appraisal as a requirement of its annual audit, and it is a regular part of Red Oak's business to request and obtain appraisals of properties that constitute its collateral as part of this audit process.

25. Jeffrey Berger, one of Debtor's principles, additionally forwarded me an email on from Debtor's listing agent dated August 26, 2025, indicating that it was "optimistic that pricing could move above $14M" on August 26, 2025", but otherwise disclosed potential offers for the Property ranging from below $12.5 million to $12.5 to $13 million. This August 26, 2025, correspondence is attached as **Exhibit P**.

26. From my review of documents accessible through the County of Sacramento's website, I understand there is $397,411.12 in outstanding property taxes due on the Property as of December 1, 2025. This amount is comprised of 2025 property taxes in the amount of $287,163.80, payable in two installments of $143,581.90 and which will be delinquent on December 10, 2025 and April 10, 2026 respectively, additional secured escape bill taxes in the amount of $16,002.30 which will be delinquent after December 1, 2025, a 2024 Secured Supplemental Bill in the amount of $11,936.02, which is payable in two installments of $5,968.01 and delinquent after December 10, 2025 and April 10, 2026 respectively, and defaulted property taxes in the amount of $82,309.00.

The public records that I reviewed from the Sacramento County website are attached as **Exhibit Q**.[1]

I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed this 2nd day of December 2025 in Grand Rapids, Michigan

_____
Ryan Anderson

---

[1] Accessible at https://county-taxes.net/sacramento/property-tax/c2FjcmFtZW50by1jYTpnc2d4X3Byb3BlcnR5X3RheDpwYXJlbnRzOjk0NGZiMzhjLThiNWUtMTFmMC1iYmY0LWIwODk4YzdlZGY2Yg== (last accessed December 1, 2025).

DECLARATION OF RYAN ANDERSON IN SUPPORT OF ROIOF SERIES' OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION;

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386