**6**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:　(916) 485-1111
Facsimile:　(916) 485-1111

Proposed Attorney for SCRIPPS TWO, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>SCRIPPS TWO, LLC<br><br>TAX ID / EIN: 92-0622957<br><br>　　　Debtor-in-Possession. | Case No. 2025-26371-A-11<br>Chapter 11<br>DCN:　GEL-1<br><br>Date:　　　December 15, 2025<br>Time:　　　9:00 a.m.<br>Location:　501 I Street, 7th floor,<br>　　　　　　Courtroom 28;<br>　　　　　　Sacramento, CA<br><br>Judge:　　Honorable Frederick E. Clement |

**DEBTOR'S REPLY TO ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC's OBJECTION TO DEBTOR'S MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION**

　　　SCRIPPS TWO, LLC, a California limited liability corporation, the Debtor-in-Possession (the "Debtor") by and through its proposed attorney, Gabriel E. Liberman, hereby files its Opposition to Creditor ROIOF Series, a series of Red Oak Capital Fund Series, LLC ("Red Oak") to Debtor's *Motion to Use Cash Collateral and Grant Adequate Protection; Scheduling Deadlines Relating to a Final Hearing on Use of Cash Collateral* [ECF 6] (the "Cash Collateral Motion"). This Opposition is made and based upon the memorandum of points and authorities filed herewith, the declaration of Jeffrey Berger (the "Berger Decl.") and declaration of appraiser Randall Blaesi (the "Blaesi Decl.") filed herewith, and the exhibits filed herewith and the papers and pleadings on file herein, judicial notice of which is respectfully requested, and any argument of counsel

entertained by the Court at the time of the hearing of the Motion.

**Red Oak is Adequately Protection by an Equity Cushion of 34%:**

1. As part of the Cash Collateral Motion, Debtor provided its appraisal report for real property commonly known as Campus Commons Medical Dental Building located at 2 Scripps Drive, Sacramento CA 95825, and an adjacent entitled parcel of land, appended as Exhibit B with a fair market value of $17,720,000.

2. On December 8, 2025, the commercial appraisal was supplemented to adjust the fair market value of the Subject Property for the cost-to-cure the unrenovated 6,535 square foot space. The appraisal has taken into consideration deductions, based on a rate of $17,317 per month, over 12 months, lost rent revenue would be $207,799.00. Minus leasing commission fees of 5% of $51,950.00. Minus tenant improvement costs at $92.00 a square foot at 6,535 sq. ft would be $601,179. The total deduction would be $860,927. A copy of the supplemented Appraisal Report is attached hereto as **Exhibit E.**

3. With these adjustments, the Subject Property has a fair market value of $16,860,000, a reduction from the original appraisal filed with the Cash Collateral Motion as Exhibit B of $17,720,000.00, or $860,000 reduction in value.

4. Debtor also disputes Red Oaks analysis that the property taxes are delinquent for $397,411.12. See Opposition pg 9. As of the Petition Date, only one installment of property taxes were due for April 2025 for $41,662.15. Supplemental bills for $41,662.15 and $5,968.01 will also come due by December 10, 2025 for $56,431.43 for a total default as of December 15, 2025 of $98,093.58. One installment for April 2026 will come due during the Cash Collateral period for $94,192.74, for a grand total of $192,286.32. See Berger Decl. and see Table 1 below.

Table 1:

| | | |
|---|---:|---:|
| 12/10/2025 Secured Annual Bill | $143,581.90 | |
| 4/10/2026 Secured Annual Bill | $143,581.90 | |
| **less CSCDA Pace Equity** | -$190,172.80 | |
| | | $96,991.00 |
| 12/1/2025 Secured Escape Bill | $8,801.27 | |
| 12/1/2025 Secured Escape Bill | $8,801.27 | |
| **CSCDA Pace Equity** | -$17,642.54 | |
| 12/10/2025 Secured Supplemental Bill | $5,968.01 | |
| 4/10/2026 Secured Supplemental Bill | $5,968.01 | |
| | | $11,936.02 |
| 12/10/2024 Secured Supplemental Bill | $41,662.15 | |
| 4/10/2025 Secured Supplemental Bill | $41,662.15 | |
| | | $83,359.30 |
| Total Property Taxes Due | | **$192,286.32** |
| | | |
| less CSCDA Pace Equity | $190,172.80 | |
| CSCDA Pace Eqity | $17,642.54 | |
| Total CSCDA Pace Eqity | **$207,815.34** | |

5. Attached hereto as **Exhibit F** are copies of the Sacramento County Property Tax Bills and provided assessment of the CSCDA Pace Equity amounts.

6. The Ninth Circuit has held that an equity cushion of 20% provides sufficient adequate protection, even in the absence of ongoing payments. Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400-01 (9th Cir. 1984). Here, Red Oak has not filed a proof of claim and thus Debtor's schedules listed its claim at $10,961,939 on its first position lien and approximately $192,286.32 of real property taxes for a total of $11,154,225. Based on Debtor's appraised value of $16,680,000, this leaves equity of approximately $5,705,775 [$16,860,000 minus $11,154,225],

which in turn creates an equity cushion of 34%. As such, Red Oak is adequately protected, even in the absence of post-petition payments.

Table 2:

| Creditor | Est. Claim Amount |
|---|---:|
| Property Taxes | $192,286 |
| Red Oak | $10,961,939 |
| Total secured debts: | **$11,154,225** |
| | |
| Valuation | $16,860,000 |
| | |
| Equity | **$5,705,775** |
| Equity % | **34%** |

**Funds held in Operating as of the Petition Date are Unsecured**

7. As of the Petition Date, Debtor was holding approximately $20,414 in one depository account at CitiBank, N.A checking account number XXXXX-7621. Debtor was the sole name listed on the depository account. See Berger Decl.

8. A security interest in a deposit account as original collateral may be perfected only by obtaining control over the account. See UCC § 9-312(b)(1). Thus, a UCC-1 financing statement covering deposit accounts will have no effect.

9. Further, Red Oak's cash management agreement is only executed between these two parties and CitiBank, N.A. is not a party to the agreement. See Red Oak Exhibit E.

10. The requirements for obtaining control of a deposit account are set out in UCC § 9-104(a). That section provides that a secured party has control of a deposit account if;

> (1) the secured party is the bank with which the deposit account is maintained;
>
> (2) the debtor, the secured party, and the bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the account without further consent by the debtor; or

(3) the secured party becomes the bank's customer with respect to the deposit account.

11. In essence, a secured party has control when it is able to dispose of the deposit account without further cooperation from the depositor of record (the debtor). A secured party may have control over the deposit account even though the depositor-debtor retains the right to direct the disposition of funds from that account. See UCC § 9-104(b). Thus, if the secured party also is the depositary bank, Article 9 provides for automatic perfection by control. If the secured party is not the depositary bank, it may obtain control by either executing a control agreement authenticated by both the debtor and the depositary bank, or by becoming the depositary bank's customer with respect to the deposit account.

12. Red Oak is neither the depository bank, nor has obtained an authenticated control agreement between the Debtor and CitiBank, N.A. nor has become the owner of the deposit account.

13. Therefore, Debtor argues the cash in the account, as of the Petition Date, is not subject to Red Oak's post-petition lien or Cash Collateral. Debtor does not dispute that future rent deposits into the account are not subject to post-petition liens being provided for herein.

**Proposed Use of Cash Collateral Funds Will Increase Value to the Subject Property**

14. Debtor anticipates reinvesting the excess funds it generates from rental proceeds back into the Subject Property, between January through June 2026, $130,000 as follows:

    a.    Install new HVAC system on Roof and Window

        i.    Provide and install 7 units splits system (3-3.5, 3-3.00,1- 2.5) $70,000

    b.    Demolition in 1st floor vacant space $12,000

    c.    Provide 12 window installations for $30,000

    d.    Profit and overhead $18,000

A true and accurate copy of a proposal from Vent Construction Co. is attached hereto as **Exhibit G**

**CONCLUSION**

**WHEREFOR**E, Debtor prays for an order:

1. Authorizing final use of cash collateral from the Petition Date and continuing through June 30, 2026 in the total amount as set forth in the Budget attached to the proposed final order as **Exhibit H** with a 10% variance;

2. Granting adequate protection to the Secured Creditors in the form of replacement liens; and

3. For such other and further relief as is just and proper.

Dated:  December 9, 2025

                                  LAW OFFICES OF GABRIEL E. LIBERMAN, APC

                                  By:     */s/* Gabriel E. Liberman
                                                Gabriel E. Liberman
                                                Proposed Attorney for Debtor