DEBRA A. RILEY (BAR NO. 151925)
ALLEN MATKINS LECK GAMBLE
　MALLORY & NATSIS LLP
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: driley@allenmatkins.com

MATTHEW D. PHAM (BAR NO. 287704)
ALLEN MATKINS LECK GAMBLE
　MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mpham@allenmatkins.com

Attorneys for Creditor
CALIFORNIA STATEWIDE COMMUNITIES
DEVELOPMENT AUTHORITY

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>SCRIPPS TWO, LLC,<br><br>　　　　Debtor. | Case No. 25-26371-A-11<br><br>Chapter 11<br><br>DCN: GEL-1<br><br>**CREDITOR CALIFORNIA STATEWIDE COMMUNITIES DEVELOPMENT AUTHORITY'S STATEMENT REGARDING DEBTOR'S MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date:　December 15, 2025<br>Time:　9:00 a.m.<br>Place:　501 I Street, 7th Floor<br>　　　　Courtroom 28, Department A<br>　　　　Sacramento, CA 95814 |

/ / /

California Statewide Communities Development Authority ("CSCDA"), a creditor and party in interest in the above-captioned chapter 11 case, hereby submits this statement regarding the *Motion to Use Cash Collateral and Grant Adequate Protection; Scheduling Deadlines Relating to a Final Hearing on Use of Cash Collateral* (the "Cash Collateral Motion" or "Motion"), ECF No. 6, filed by the debtor and debtor in possession Scripps Two, LLC (the "Debtor"). In support of this statement, CSCDA respectfully states as follows:

**I.　　FACTUAL AND PROCEDURAL BACKGROUND**

**A.　　The Debtor's chapter 11 case.**

1.　　On November 12, 2025 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code, commencing the above-captioned chapter 11 case.

2.　　The Debtor's primary asset is a medical office building located at 2 Scripps Drive, Sacramento, California 95825 (Sacramento County, APN: 295-0384-001) (the "Property"). Prior to the Petition Date, the Debtor commenced a construction project to renovate the Property (the "Project").

**B.　　CSCDA's assessment lien.**

3.　　On or about August 16, 2024, the Debtor entered into an assessment contract with CSCDA under the CSCDA Open PACE Program (the "Assessment Contract"), pursuant to which CSCDA provided the Debtor with $2,032,872 in financing for certain clean-energy-related improvements (the "Authorized Improvements") to be constructed on the Property as part of the Project.

4.　　In exchange (and as consideration) for the financing, the Debtor agreed and consented to, among other things, (a) the payment of (1) a special tax assessment commencing in fiscal tax year 2024–25 and continuing through fiscal tax year 2053–54 in the amounts set forth in the Assessment Contract, (2) the costs of administering and collecting those assessments (collectively (1) and (2), the "PACE Assessment"), and (3) in the event the Debtor elected to prepay the PACE Assessment within the first seven years of the Assessment Contract, a prepayment premium as described in the Assessment Contract (collectively (1), (2), and (3), the

"PACE Obligations"); and (b) the recordation of a statutory lien upon the Property pursuant to California Streets & Highways Code ("Cal. Sts. & High. Code") § 5898.30, securing the payment of the PACE Obligations (the "PACE Assessment Lien"). The *Notice of Assessment and Payment of the Contractual Assessment Required*, relating to the PACE Assessment, was recorded against the Property in the official records of the Sacramento County Recorder on August 16, 2024, as Document No. 202408150557, in accordance with Cal. Sts. & High. Code § 5898.24(d) (the "PACE Assessment Notice").

5.　　The PACE Assessment Lien's priority shares the same statutory priority status as general municipal taxes—prior to and superior to all other liens, claims, and encumbrances. *See* Cal. Sts. & High. Code § 5898.30 (making various provisions of the California Government Code "related to lien priority, the collection of assessments in the same manner and at the same time as the general taxes of the city or county on real property," including § 53935, applicable to PACE assessments); Cal. Gov't Code § 53935 ("The lien of said assessments shall be coequal to and independent of the lien for general taxes, and … not subject to extinguishment by the sale of the property on account of the nonpayment of any taxes, and *prior and superior* to all liens, claims and encumbrances except (a) the lien for general taxes or ad valorem assessments in the nature of and collected as taxes levied by the state or any county, city, special district or other local agency; (b) the lien of any special assessment or assessments the lien date of which is prior in time to the lien date of the assessment for which the deed is issued; (c) easements constituting servitudes upon or burdens to said lands; (d) water rights, the record title to which is held separately from the title to said lands; (e) restrictions of record." (emphasis added)).

6.　　The PACE Assessment installments, along with ad valorem taxes, special taxes, and other assessments, are due in semiannual payments each fiscal tax year, the first of which becomes delinquent if not paid by December 10 and the second of which becomes delinquent if not paid by April 10. *See* Cal. Sts. & High. Code § 8680(a). Like ad valorem and special taxes, future installments of the PACE Assessment are not yet due and payable. In the event of a payment default, there is no acceleration of the remaining balance of the PACE Assessment. In addition, the PACE Assessment Lien, like ad valorem and special tax liens, runs with the land. *See*

*id.* § 8840. Accordingly, upon any sale of the Property, the PACE Assessment Lien would remain attached to the Property, and the new owner would become responsible for paying future PACE Assessment installments as they become due.

7. Here, the first PACE Assessment installment in the amount of $86,812.20 was due by December 10, 2024, but was not paid until or about February 19, 2025. The second PACE Assessment installment of $103,360.60 was due by April 10, 2025, but was not paid until or about September 29, 2025 (and was paid from a combination of CSCDA's application of undisbursed Program Funds and a partial payment made by the Debtor). Due to the untimeliness of the payments on the PACE Assessment installments, associated late penalties and interest accrued and remain outstanding.

8. The most recent PACE Assessment installment in the amount of $86,113.85 was due by December 10, 2025, which, to date, has not been paid by the Debtor.

## II. CSCDA'S STATEMENT REGARDING CASH COLLATERAL MOTION

9. In the Motion, the Debtor seeks authority to use cash collateral, identifying Red Oak Capital Holdings, LLC and CSCDA as entities who may assert an interest in the Debtor's cash collateral. CSCDA's claim in the bankruptcy case is a secured tax claim. *Cf. Morgan v. Ygrene Energy Fund, Inc.*, ___ P.3d ___, 2025 WL 3483108, at *8–10 (Cal. Dec. 4, 2025). Like other property taxes, CSCDA's lien is against the Property and runs with the land, but does not extend to the rents or proceeds of the Property. In other words, CSCDA does not assert an interest in cash collateral.

10. The Debtor failed to pay the property taxes, including the $86,113.85 PACE Assessment installment, that were due by December 10, 2025, resulting in a statutory 10% penalty being assessed. This missed payment, along with the Debtor's history of delinquent PACE Assessment payments since its relationship with CSCDA began, suggests that the Debtor may be unable to pay its debts as they come due. In light of this, the Debtor should be closely monitored going forward.

11. Furthermore, although CSCDA's lien does not extend to the rents or proceeds of the Property, CSCDA requests that, as part of its budget, the Debtor escrow monthly funds

sufficient to fully pay, by the April 10, 2026, deadline, all (postpetition) delinquent property taxes (including the PACE Assessment installment due December 10, 2025), as well as the property taxes (including the next PACE Assessment installment) coming due on that date.

Dated: December 11, 2025

                               ALLEN MATKINS LECK GAMBLE
                                  MALLORY & NATSIS LLP
                               DEBRA A. RILEY
                               MATTHEW D. PHAM

                               By:     */s/ Debra A. Riley*
                                    DEBRA A. RILEY
                                    Attorneys for Creditor
                                    CALIFORNIA STATEWIDE
                                    COMMUNITIES DEVELOPMENT
                                    AUTHORITY