**4**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:　(916) 485-1111
Facsimile:　(916) 485-1111

Attorney for SCRIPPS TWO, LLC.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**SCRIPPS TWO, LLC**<br><br>Tax ID / EIN: 92-0622957<br><br>　　　　Debtor, | Case No. 2025-26371-A-11<br>DCN: CAE-1<br><br>**STATUS CONFERENCE STATEMENT**<br><br>Date:　　January 5, 2026<br>Time:　　9:00 A.M.<br>Location:　501 I Street, 7th floor,<br>　　　　　Courtroom 28, Dept A.<br>　　　　　Sacramento, CA<br><br>Judge:　　Honorable Frederick E. Clement |

　　　Comes Now, SCRIPPS TWO, LLC the Debtor and Debtor-in-Possession (the "Debtor"), herein, submitting this Status Conference Statement, and respectfully represents as follows:

　　　This case was commenced by the filing of a chapter 11 petition on November 12, 2025. A trustee has not been appointed, and Debtor is in possession of the estate.

### General Background of Debtor

　　　Debtor is a real estate holding company and holds two real properties. Its main asset is commonly known as Campus Commons Medical Dental Building located at 2 Scripps Drive, Sacramento CA 95825 (the "Property"). The Property is a three-story office building built in 1973 with

1

on-site parking for 201 vehicles and has a gross building area of 36,109 square feet and sits on a 1.93 acre lot. The Property also includes an adjacent entitled parcel of land (the "Vacant Lot"). The Vacant Lot is 3,000 square feet and zoned for multi-purpose housing and has been pre-approved by the City of Sacramento for construction of a nine unit multi-family development. The Property and Vacant Lot were appraised as of October 13, 2025, with a fair market value at $16,860,000.00

The Property is currently 80% occupied with 15 active non-residential leases, primary to medical offices and grosses approximately $77,000.00 per month.

### Facts Surrounding the Filing of the Chapter 11 Case

1. **Administrative Solvency of the Estate**
   a. Debtor holds approximately $16.8 million in real estate between the Property and Vacant Lot, with estimated secured claims of $14.6 million. No proof of claims have been filed to-date and these are general estimates of secured claims.
   b. Debtor does not anticipate there to be any Section 503(b)(9) administrative claims to be paid as there were no goods received by the Debtor within 20 days before the date of commencement, which have been sold within the ordinary course of business.

2. **Motion for Relief from Stay**
   a. There are no motions under Bankruptcy Code § 362 which are pending or which have already been acted upon.

3. **Motions Under Bankruptcy Code § 365(d)(3) or (4)**
   a. There are no motions under Bankruptcy Code § 365(d)(3) or (4) which are pending or which have already been acted upon.

4. **Status of Stipulations or Motions for Use of Cash Collateral or the Obtaining of Credit**

　　a. On November 25, 2025, the Court entered an interim order authorizing interim use of Cash Collateral through December 31, 2025 and scheduling a continued hearing on the Cash Collateral Motion to December 15, 2025 (ECF 30).

　　b. On December 15, 2025, the Court approved on a final basis Debtor's Cash Collateral Motion from the Petition to June 30, 2025. Debtor will be uploading the order for the court to approve on final basis today.

5. **Proper Employment of Professionals**

　　a. On December 10, 2025, by order of this Court [ECF 31], the Application for Authority to Employ Gabriel E. Liberman as General Bankruptcy Counsel for Debtor in Possession was approved.

　　b. Debtor anticipates employing a CPA to complete its 2024 tax returns and a real estate broker to assist in marketing and selling the Property chapter 11 case.

6. **Status of Motions to Convert**

　　a. There are currently no pending motions by or against the debtor to convert or dismiss the chapter 11 case, or to appoint a chapter 11 trustee.

7. **Debtor's Intentions Concerning a Reorganization Plan**

　　a. The Debtor intends to file a chapter 11 plan of reorganization on or before February 10, 2026, or 90 days from the Petition Date.

8. **Post-Petition Debtor Duties**

　　a. The Debtor's first monthly operating reports has not come due.

　　b. Debtor has obtained a debtor-in-possession bank account.

　　c. Debtor has provided proof of adequate insurance to the United States Trustee as part of the initial debtor interview process. Debtor is not aware of any unresolved issues from the initial debtor interview, which was concluded on December 12, 2025.

　　　　d.　The meeting of creditors occurred on December 19, 2025 and was concluded.

**9.　Other Matters Impacting Administration of Estate**

　　　　a.　None at this time.

Dated: December 19, 2025

　　　　　　　　　　　　　　　　　　　LAW OFFICES OF GABRIEL E. LIBERMAN, APC

　　　　　　　　　　　　　　　　　　　By:　　*/s/* Gabriel E. Liberman
　　　　　　　　　　　　　　　　　　　　　　　　Gabriel E. Liberman
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Debtor