**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No. 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

William J. Easley (Admitted Pro Hac Vice)
*will.easley@bclplaw.com*
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300

*Attorneys for ROIOF SERIES, a series of
RED OAK CAPITAL FUND SERIES, LLC*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>Scripps Two, LLC,<br><br>　　　　　Debtor. | Case No. 25-26371-A-11<br>Chapter 11<br>DCN: ROC-1<br><br>**ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC's MOTION TO TAKE RULE 2004 EXAMINATIONS; TO ISSUE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: February 24, 2026,<br>Time: 10:30 a.m. PT<br>Place: 501 I Street, 7th Floor<br>　　　　Courtroom 28, Dept. A<br>　　　　Sacramento, CA<br><br>Judge: Honorable Frederick E. Clement |

**TO THE HONORABLE FREDERICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES:**

Pursuant to Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004"), Secured Creditor ROIOF Series, a series of Red Oak Capital Fund Series, LLC ("Red Oak"), hereby moves the Court

1

**MOTION FOR RULE 2004 EXAMINATION**

1  ("Motion") for entry of an order permitting Red Oak to: (a) examine representative(s) of Scripps
2  Two, LLC ("Debtor") most knowledgeable about the topics set forth in Attachment A and (b) compel
3  Debtor to produce documents delineated in Attachment B. Red Oak respectfully requests that Debtor
4  complete its production thirty (30) days after service following the entry of any order.
5      In support of this Motion, Red Oak respectfully submits the Memorandum, the concurrently
6  filed Notice of Motion ("Notice"), and the record in this chapter 11 case as well as any oral argument
7  Red Oak may present at the hearing.
8  Dated: January 28, 2026                Respectfully submitted,

By: */s/ Sharon Z. Weiss*
    Sharon Z. Weiss
    William J. Easley (Admitted Pro Hac Vice)
Attorneys for ROIOF SERIES, a series of RED OAK CAPITAL FUND SERIES, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

## MEMORANDUM OF POINTS AND AUTHORITIES

Red Oak seeks to examine Debtor (the "2004 Examination") regarding Debtor's only asset, a parcel of real property located at 2 Scripps Dr., Sacramento, California 95825 ("Property"). Specifically, Red Oak's examination will investigate the condition of the subject Property, its valuation, the status and state of construction on the Property, Debtor's permits and entitlements for the Property, and Debtor's ability to sell the Property. Red Oak also seeks to examine the Debtor concerning its financial condition, ability to reorganize, and any other matter which may affect Debtor's estate, including Debtor's relationship to certain unsecured creditors and other matters.

Given that no contested matters or adversary proceedings are pending, Red Oak cannot proceed with an examination under Federal Rules of Bankruptcy Procedure 7030 or 9014. Accordingly, Red Oak respectfully requests that the Court enter an order requiring Debtor to appear for an examination and produce the documents requested herein pursuant to Rule 2004.

### I. JURISDICTION.

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are 11 U.S.C. § 105(a) of the Bankruptcy Code and Rule 2004.

### II. BACKGROUND

#### A. The Loan.

On November 28, 2022, Debtor executed certain loan documents ("Loan Documents") to obtain a loan in the original principal amount of $9,000,000 (the "Loan") from Red Oak. Among the Loan Documents, and to secure Debtor's payment and performance obligations under the Loan, Debtor executed a Deed of Trust, Assignment of Leases and Rents, Security Agreement, Financing Statement, and Fixture Filing dated November 30, 2022 ("Deed of Trust") granting Red Oak a first lien interest in and to the Property. The Deed of Trust was recorded in the Sacramento, California Register of Deeds on November 30, 2022, in Volume 2022 at page 11301168. Red Oak disbursed the Loan funds to Debtor in accordance with the terms of the Loan Documents, but Debtor defaulted on its obligations by, among other things, failing to make regular monthly payments, failing to pay

1 the full amounts owed upon the maturity of the Loan, failing to complete certain improvements at
2 the Property and failing to pay property taxes. Given these defaults and the failure of extension
3 discussions, Red Oak initiated a non-judicial foreclosure sale of the Property pursuant to the terms
4 of the Deed of Trust and scheduled a sale for November 13, 2025.

     B.     <u>The Bankruptcy Case</u>

On November 12, 2025 ("<u>Petition Date</u>"), and on the eve of the scheduled foreclosure sale, Debtor filed its Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). [ECF 1]. On December 12, 2025, Debtor submitted its Amended Voluntary Petition [ECF 39] which designated this case as a Single Asset Real Estate case subject to 11 U.S.C. § 362(d)(3). Debtor's Plan is due February 10, 2026, and Debtor indicated its intent to file its plan in its December 19, 2025, Status Conference Statement [ECF 43] (the "<u>December Status Conference Statement</u>") on or before this date. [ECF 43 at p. 3].

     C.     <u>Construction at the Property</u>

In the December Status Conference Statement, Debtor indicated that the Property was 80% occupied with 15 non-residential leases and grosses approximately $77,000.00 per month. [ECF 43 at pp. 1-2.]. Debtor also indicated at its 341 meeting of creditors that its intent in this case is to complete repairs at the Property and then sell it, but stated that it did not have the money committed to complete those repairs at that time. Further, Debtor referenced certain pre-petition transfers to insiders on account of a pre-petition loan and for services rendered.

**III.    ARGUMENT**

     A.     <u>Legal Standard</u>

Under Rule 2004, the Court may order the examination of any entity, including Debtor, relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Section 101 of the Bankruptcy Code defines an "entity" as any "person, estate, trust, governmental unit, and the United States trustee." 11 U.S.C. § 101.

Courts generally interpret the scope of examination allowed under Rule 2004 more broadly than discovery allowed under the Federal Rules of Civil Procedure. In fact, courts have held that

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

discovery under Rule 2004 may even be used in the nature of a "fishing expedition." An examination under Rule 2004 may not be used, however, to unduly harass a witness or frivolously waste assets of the estate. *See, e.g.*, *In re Duratech Indus.*, 241 B.R. 283 (E.D. N.Y. 1999); accord *In re Lufkin*, 255 B.R. 204 (Bankr. E.D. Tenn. 2000); *In re Szadkowski*, 198 B.R. 140 (Bankr. D. Md. 1996).

### B. A Rule 2004 Examination is Warranted in this Case.

Red Oak brings this Motion to examine the events and circumstances leading to Debtor's bankruptcy filing, to ascertain the condition of the Property, to determine whether Debtor's efforts to complete construction are proceeding, and to understand Debtor's ability to reorganize. Specifically, Red Oak seeks pertinent information regarding topics that directly or indirectly relate to matters on which Rule 2004 examinations are entirely proper. Attached as Attachment A is a list of topics which Red Oak seeks to examine the Debtor. Red Oak also requests that Debtor produce the documents described in Attachment B in connection with the Rule 2004 Examination. All documents that Red Oak seeks to obtain relate to Debtor's business and the topics described in Attachment A. Each of these topics and documents relate to the Debtor's acts, conduct, and the Property, Debtor's liabilities and its financial condition, and other matters that may affect the administration of Debtor's estate. Thus, the examination topics and documents that Red Oak seeks are proper under Rule 2004.

### IV. CONCLUSION

For the foregoing reasons, Red Oak respectfully requests that the Court enter an order authorizing a Rule 2004 Examination of Debtor, and compelling Debtor to produce the documents requested herein within thirty (30) days after service of any order granting this Motion, with the deposition of Debtor's corporate representative to be set thereafter.

Dated: January 28, 2026          Respectfully submitted,

By: */s/ Sharon Z. Weiss*
    Sharon Z. Weiss
    William J. Easley (Admitted Pro Hac Vice)
Attorneys for ROIOF SERIES, a series of RED OAK CAPITAL FUND SERIES, LLC

## Attachment A

## SUBJECTS FOR EXAMINATION

Capitalized terms not otherwise defined below shall have the meanings set forth in Attachment B.

1. Debtor's financial condition.
2. Valuation of Debtor's Property.
3. Any development plans, drawings or concepts for the Property.
4. Debtor's ability to reorganize or confirm a plan.
5. The claims asserted by Debtor's creditors.
6. Payments from Debtor to any Scripps Owners dating from January 1, 2023, to the present.
7. Work performed, or that was or is to be performed, as part of the Renovations at the Property from January 1, 2023, through the present.
8. Debtor's plans to complete the Renovations during the pendency of its bankruptcy case.
9. Post-petition financing, equity contributions, or other sources of funds that Debtor sought, is seeking, or obtained dating from the Petition Date to the present.
10. Debtor's efforts to market or sell the Property dating from January 1, 2023, to the present.
11. Debtor's efforts to lease any vacant portions of the Property dating from January 1, 2023, to the present.
12. Services provided by Debtor's Manager dating from January 1, 2023, to the present.
13. Services provided by Debtor by any Scripps Owner dating from January 1, 2023, to the present.
14. Debtor's intention to, or acts taken in furtherance of, the parceling out of the undeveloped portion of the Property and develop dating from January 1, 2023, through the present.
15. Any documents produced pursuant to Attachment B.

# ATTACHMENT B

Pursuant to Fed. R. Bankr. P. 2004, Secured Creditor ROIOF Series, a series of Red Oak Capital Fund Series, LLC ("Red Oak"), hereby requests that Debtor Scripps Two, LLC produce for inspection and copying each of the following documents or tangible items in its possession, custody or control at the offices of Red Oak's counsel, Sharon Weiss, Bryan Cave Leighton Paisner, LLP, 120 Broadway #300, Santa Monica CA 90401 thirty (30) days after service.

## DEFINITIONS

(A). The terms "Scripps," "Debtor", "You," and "Your" refer to Scripps Two, LLC, its parents, predecessors, subsidiaries, affiliates, owners, directors, members, managers, agents, representatives, employees, attorneys, predecessors, successors-in-interest, and all persons acting on Scripps Two, LLC's behalf.

(B). "Bankruptcy Case" shall mean the matter styled *In re Scripps Two*, Case No. 25-26371-A-11 and pending in the Eastern District of California Bankruptcy Court.

(C). "Communications" means the transmission or expression of any thought, word, statement, fact, opinion, idea, document, instruction, demand, or question whether written or oral, whether made in person, by telephone, in the context of a meeting, transmitted electronically or in any other fashion.

(D). "Document" and "Documents" shall mean all written or tangible things, including but not limited to letters, pictures, emails, text messages, statements, filings, computer printouts or other computer derived data and the like to be given the broadest possible meaning, whether in physical or electronic form, and whether stored as paper, on a computer, or on the internet "cloud." This includes all drafts or non-identical copies of documents, with each such draft or non-identical copy constituting a separate item of production. This also includes, but is not limited to, computer output or input, including data on computer disks, disks from zip drives and cartridges and cassettes from tape back-up devices, electronic messages (including, without limitation, e-mail, instant messages (IMs), and cell phone text messages), and other electronic communications that may or may not be reduced to hard copy in the normal course of business and which may be stored or

archived on file servers, hard drives, disks or diskettes, back-up tapes, or other storage media. This also includes, but is not limited to, voice mail messages in any format (digital or analog).

(E). "Loan Agreement" shall mean that certain *Commercial Loan and Security Agreement* dated November 28, 2022, by and between Original Lendor and Scripps.

(F). "Manager" shall mean University Capital Management.

(G). "Petition Date" shall mean November 12, 2025.

(H). "Red Oak" shall mean ROIOF Series, a series of Red Oak Capital Fund Series, LLC.

(I). "Renovations" shall mean the work performed, or to be performed, at the Campus Medical Building and discussed in Paragraph 7 of Debtor's Motion to Use Cash Collateral and Grant Adequate Protection [ECF 6], including work performed to remediate the damage from the 2022 fire.

(J). The terms "Person," "Persons," or "Person(s)" refer to all individuals, partnerships, associations, firms, companies, joint ventures, corporations, trusts, estates, governmental agencies, and any other entity and includes both the singular and the plural.

(K). "Original Lender" shall mean Red Oak Capital Holdings, LLC.

(L). "Property" shall mean the real property and improvements thereon owned by Debtor and commonly known as the 2 Scripps Drive, Sacramento, CA 95825, as well as the adjacent parcel of land.

(M). "Relating to," "relate to," "relates to," or "related to" mean relating in any way to, referring to, mentioning, evidencing, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part, whether directly or indirectly.

(N). "Scripps Owner" shall mean any of the individuals known as Jeffrey Berger, Melinda Walker, Kenneth Karmolinski, and any other Person with a direct or indirect ownership interest in Debtor.

(O). The words "any" and "all" shall be considered to include "each" and "each and every."

(P).   The singular of any word shall include the plural, and the plural of any word shall include the singular.

**DOCUMENTS TO BE PRODUCED**

1.   The Documents relating to payments for maintenance, improvements, upkeep, repairs, and Renovations at the Property from January 1, 2023, through the present.

2.   The Documents relating to any payments or reimbursements made to any Scripps Owner for maintenance, improvements, upkeep, repairs, and Renovations at the Property from January 1, 2023, through the present.

3.   The Documents relating to work performed, or that was or is to be performed, as part of the Renovations at the Property from January 1, 2023, through the present.

4.   Communications between Debtor, including the Scripps Owners, and any other Person relating to work performed, or that was or is to be performed, relating to the Renovations from January 1, 2023, through the present.

5.   Debtor's internal Communications, including Communications among the Scripps Owners, relating to work performed, or that was or is to be performed, as part of the Renovations at the Property from January 1, 2023, through the present.

6.   Communications between Debtor and any builders, engineers, or similar construction professional relating to the Renovations from January 1, 2023, through the present.

7.   Documents relating to Debtor's plans to complete the Renovations during the pendency of its bankruptcy case, including purchase orders, quotes, forecasts of costs, or other items discussing the scope of work to be performed, the expected costs for such work, work already performed and related materials.

8.   Documents relating to post-petition financing, equity contributions or other sources of funds that Debtor sought, is seeking, or obtained dating from the Petition Date to the present, excluding any communications with Debtor's counsel.

9.   Communications, including Communications with or between the Scripps Owners, relating to post-petition financing, equity contributions or other sources of funds beyond the rents

that Debtor sought, is seeking, or obtained dating from the Petition Date to the present, excluding any communications with Debtor's counsel.

10. Debtor's internal Communications, including Communications between the Scripps Owners, relating to Debtor's plans to complete Renovations during the pendency of the Bankruptcy Case, excluding any communications with its counsel.

11. Documents relating to Debtor's efforts to market or sell the Property, including any listings, documents describing the estimated value of the Property or expected sale price, dating from January 1, 2023, through the present.

12. Documents that describe or reference the estimated value of the Property dating from January 1, 2023, to the present.

13. Communications between Debtor and any real estate broker or similar professional relating to Debtor's efforts to market or sell the Property from January 1, 2023, to the present.

14. The Documents relating to Debtor's efforts to lease the vacant portions of the Property from January 1, 2023, through the present.

15. The Communications between Debtor, including the Scripps Owners, with any prospective tenants of the Property dating from January 1, 2023, through the present.

16. Debtor's internal Communications, including among the Scripps Owners, relating to Debtor's efforts to lease the vacant portions of the Property dating from January 1, 2023, through the present.

17. Documents relating to payments from Debtor to any Scripps Owners for loans, services rendered, reimbursement of expenses, equity distributions or remittances of money dating from January 1, 2023, through the present.

18. Documents relating to payments from Debtor to Manager dating from January 1, 2023, through the present.

19. Communications, including Communications between the Scripps Owners, relating to payments to, and services rendered by, Manager dating from January 1, 2023, through the present.

**MOTION FOR RULE 2004 EXAMINATION**

20. Documents relating to any contracts, loan documents, service agreements, or other agreements or understandings, written or oral, between Debtor and the Scripps Owners dating from January 1, 2023, through the present.

21. Communications, including Communications between the Scripps Owners, relating to payments from Debtor to any of the Scripps Owners dating from January 1, 2023, through the present.

22. Documents relating to Debtor's intention to, or acts taken in furtherance of, the parceling out of the undeveloped portion of the Property, and the current or future development of such portion of the Property, dating from January 1, 2023, through the present.

23. Communications, including Communications between the Scripps Owners, relating to Debtor's intention to, or acts taken in furtherance of, the parceling out of the undeveloped portion of the Property, and the current or future development of such portion of the Property, dating from January 1, 2023, through the present.

24. Documents relating to Debtor's financial reporting obligations under Section 5.1.11 of the Loan Agreement, including but not limited to certified financial statements for fiscal years 2022 through 2025, profit and loss statements, annual rent rolls, balance sheets, operating statements, a comparison of budgeted income and expenses and actual income and expenses, reports setting forth the minimum economic terms for leases of the Property, property management reports, accountings of all security financial statements for guarantors of any Major Lease (as defined under the Loan Agreement), personal financial statements for guarantors, and tax returns dating from January 1, 2023 to December 31, 2026.

25. Documents relating to Debtor's financial reporting obligations under the Final Order Granting Motion to Use Cash Collateral and Grant Adequate Protection [ECF 44], including the timeline for the anticipated completion of the proposed renovations to the Property, budget to actual variance reports, profit and loss statements, operating reports, income and expense statements, bank statements, updated rent rolls, and a report of the progress of renovations and compliance with the milestones set forth in the timeline provided dating from December 22, 2025 to the present.