**13**

**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone:    (916) 485-1111
Facsimile:    (916) 485-1111

Attorney for SCRIPPS TWO, LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| **In re:** | Case No.:  2025-26371-A-11 |
| | Chapter:  11 |
| SCRIPPS TWO, LLC | DCN:  GEL-3 |
| | |
| | **SCRIPPS TWO, LLC'S CHAPTER 11 PLAN OF REORGANIZATION DATED FEBRUARY 10, 2026** |
| Debtor. | |
| | Judge:   Honorable René Lastreto II |

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") pays creditors of SCRIPPS TWO, LLC (the "Debtor") from future income received from operating its medical dental building located at 2 Scripps Drive, Sacramento CA 95825.  This Plan provides that general unsecured creditors will receive distributions of 100 cents on the dollar.  This Plan also provides for the payment of administrative, secured and priority claims. Any Claims not provided for in this Plan are unimpaired.

_____1_____

## DISCLAIMER

Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

At any time, a party in interest may request information from Debtors' attorney. **Debtors' attorney is Gabriel E. Liberman.  In communicating with Mr. Liberman, you mail email him at** Gabe@4851111.com **or call him at 916-485-1111.** You may also mail correspondence to Mr. Liberman at 1545 River Park Drive, Suite 530, Sacramento CA 95815, or fax correspondence to him at 916-437-4285.

## ARTICLE II

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors, except for the administrative claim related to the post-petition financing agreement with Transportation Alliance Bank, provided for Class 4.

Priority Tax Claims.  Priority Tax Claims are provided for in this Plan and paid consistent with the Bankruptcy Code including interest per 11 USC 511 consistent with 11 U.S.C. 507 Section (a)(8) and 11 U.S.C. 1129 Section (a)(9)(C).

United States Trustees Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date, unless the U.S. Trustee agrees otherwise.

# ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

### A. Unclassified Claims

    a. *Administrative Claims are listed above; Professional Fees and United States Trustee Fees.*

| Type of Claim | Estimated Amount | Basis for Claim |
|---|---|---|
| Professional Fees and Expenses (subject to final fee applications and court approval)<br><br>Known fees and expenses in this class:<br><br>Fees and expenses incurred in representing the Debtor in Possession owed to the Law Offices of Gabriel E. Liberman, APC | **$25,000** *(Estimated amt.) less retainer on file.* | Balance due to professionals of Debtor. Amount is merely a rough estimate as the amount of fees between now and confirmation is a large variable.<br><br>Under this Plan, Administrative Expenses shall be paid in full on the effective date of the Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.<br><br>As of February 9, 2026, counsel for Debtor is holding $24,747.00 in its client-trust account. |
| Other Unpaid Administrative Expenses<br><br>None anticipated | $0 | Any other unpaid administrative priority expenses, other than expenses paid in the ordinary course during the Case. |
| Cure Payments | $0 | There are no projected payments necessary to cure monetary defaults under assumed executor contracts or unexpired leases. |
| Clerk's Office Fees | $0 | There are no projected payments necessary to cure monetary defaults under assumed executor contracts or unexpired leases. |
| U.S. Trustee Fees | $00.00 | Any unpaid UST fees at the time of confirmation shall be paid at the time of confirmation. |
| Total | **$253.00** | |

Claims and interests shall be treated as follows under this Plan:

### B. Classes of Claims and Equity Interests

    a. *Classes of Secured Claims*

3

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1<br><br>**ROIOF Series, a series of Red Oak Capital Fund Series, LLC** | Impaired | The Class 1 Secured Claim of Red Oak Capital Holdings, LLC is in the estimated amount of $10,961,939.82. Claimant has not filed a proof of claim.<br><br>First payment will commence by the tenth day of the first month after the Effective Date of the confirmed plan and be paid accordingly each month thereafter as follows:<br><br>Months 1-12<br>Monthly Payment: $30,000.00<br><br>**Balloon payment**<br>Debtor shall sell or refinance the Property on or before the 12th month of the Effective Date and pay the entire claim in full.<br><br>Under this plan, the Class 1 claimant's terms of its pre-petition contractual terms of the note shall remain in full force except as modified herein. The Class 1 claimant shall retain its lien(s) encumbering Debtor's assets until the obligation is paid in full. |
| Class 2<br><br>**California Statewide Communities Development Authority** | Impaired | The Class 2 Secured Claim of California Statewide Communities Development Authority is in the estimated amount of $1,858,513.70. Claimant has not filed a proof of claim.<br><br>Months 1-12<br>Monthly Payment: $0.00<br><br>**Balloon payment**<br>Debtor shall sell or refinance the Property on or before the 12th month of the Effective Date and pay the entire claim in full.<br><br>Under this plan, the Class 2 claimant's terms of its pre-petition contractual terms of the note shall remain in full force except as modified herein. The Class 2 claimant shall retain its lien(s) encumbering Debtor's assets until the obligation is paid in full. |

| Class 3<br><br>**Sacramento County Property Tax Collector** | Impaired | The Class 3 Secured Claim of Sacramento County Property Tax Collector is in the estimated amount of $192,286.00. Claimant has not filed a proof of claim.<br><br>Months 1-12<br>Monthly Payment: $0.00<br><br>**Balloon payment**<br>Debtor shall sell or refinance the Property on or before the 12th month of the Effective Date and pay the entire claim in full.<br><br>Under this plan, the Class 3 claimant's terms of its pre-petition contractual terms shall remain in full force except as modified herein. The Class 3 claimant shall retain its lien(s) encumbering Debtor's assets until the obligation is paid in full. |

b. *Classes of Priority Unsecured Claims (11 U.S.C. § 507(a)(8))*

| CLASS | DATE OF ASSESSMENT | TREATMENT |
|---|---|---|
| Class 4<br><br>**Franchise Tax Board** | 2025<br>(Partnership Liability) | The Class 4 unsecured priority claim of the Franchise Tax Board is in the amount of $834.77. Claimant has filed a proof of claim no. 3-1.<br><br>Claim Amount: $834.77<br>Months 1-12: $72.23<br>Interest Rate: 7.00%<br><br>Interest shall accrue at the normal rate of interest charged by the Claimant under non-bankruptcy law; however, no penalties shall accrue in addition to the interest for taxes paid within this Plan.<br><br>Debtor may pay entire claim in full by lump sum prior to the 12-month period. |

c. *Classes of General Unsecured Claims*

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 5<br><br>**General unsecured claims**<br><br>Unsecured Portion of Franchise Tax Board Class 3:<br>$68.00<br><br>Schedule F Creditors:<br>Non-insiders: $45,860.38 | Impaired | The Debtor estimates that the total amount of general unsecured claims to be approximately $45,928.38<br><br>The Debtor shall pay $45,928.38 or 100% of allowed unsecured in one-lump sum payment on the twelve (12) month from the Effective Date of the Plan. See Distribution Table, **Exhibit "A"**. |
| Class 6<br><br>**General unsecured insider claims** | Impaired | The Debtor estimates that the total amount of general unsecured insider claims to be approximately $635,969.76.<br><br>Debtor shall make no disbursements to insider claims until all claimants in classes 1-5 are paid in full and satisfied. |

     *d.  Classes of Equity Interests*

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 7<br><br>**Equity Holders:**<br><br>1. Jeffrey Berger<br>2. Melinda Walker<br>3. Ken Kamolinkski | Impaired | Equity Security Holders shall not receive a dividend until the payments contemplated by this Plan are completed. However, Equity Security Holders may receive payment for their services to the Debtor. In the event that an Equity Security Holder forgoes post-confirmation pay that pay shall accrue to the Equity Security Holder as a post-confirmation liability payable when cash flow permits or upon the sale or transfer of the Debtor. |

## ARTICLE IV

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or

disallowed, and as to which either: (i) a proof of claim has been filed or deemed filed, and the

Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed,

and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  There are no disputed claims in this case.

　　　　　Delay of Distribution on a Disputed Claim. No distribution will be made on account of a Disputed Claim unless such claim is allowed by a final order.

　　　　　Settlement of Disputed Claims. Debtors will have the power and authority to settle and compromise a Disputed Claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

　　　　　Administrative Claim**.**  The deadline to file an application to approve an Administrative Claim is **45 days** from the Effective Date.

　　　　　If a motion for an Administrative Claim is filed within the deadline but the motion is denied then the deadline of that Administrative Claim shall be extended 14 days after the Order denying the Application.

　　　　　The Deadline to file an objection to a claim **is 45 days** from the Effective Date.  If the Effective Date of the Plan lands before the deadline to file a claim, then the deadline to file an objection to the claim shall be the later of 30 days after the deadline to file claims or 45 days after the Effective Date.

## ARTICLE V

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor is not aware of any other unexpired leases or executory contracts that it will be rejecting.  If any are not disclosed here, it is rejected.  A Proof of Claim for damages resulting from a rejection shall be filed within thirty (30) days after the entry or an order of the Court approving the rejection.  Such claim shall be deemed allowed unless, thirty (30) days of service a copy of the Proof of Claim upon the Reorganized Debtor and its Counsel, an objection is filed.  Each objection shall be determined by the Court as a contested matter under ("FRBP"), 9014.  Any such Claim shall be added to the general unsecured class in the Plan.

(a) The Debtor assumes the following executory contracts and unexpired leases:

| Name | Address | Description | Action |
|---|---|---|---|
| A. Scott Grivas, III DDS | 2 Scripps Drive, Suite 102 | Commercial Lease | Assume |
| Active Life Healthcare, LLC | 2 Scripps Drive, Suite 202 | Commercial Lease | Assume |
| Anti-Aging Medical Solutions | 2 Scripps Drive, Suite 302 | Commercial Lease | Assume |
| Christine Tippett | 2 Scripps Drive, Suite 306 | Commercial Lease | Assume |
| Damon Boyd D.D.S. | 2 Scripps Drive, Suite 301 | Commercial Lease | Assume |
| Dr. Andrew LaFlamme | 2 Scripps Drive, Suite 304 | Commercial Lease | Assume |
| Friz Diaz DDS | 2 Scripps Drive, Suite 201 | Commercial Lease | Assume |
| Hunter Vincent, DBA Nexus Medical Legal | 2 Scripps Drive, Suite 105 | Commercial Lease | Assume |
| Hyper Pixel CA | 2 Scripps Drive, Suite 205 | Commercial Lease | Assume |
| Janine Ma-Golding | 2 Scripps Drive, Suite 308 | Commercial Lease | Assume |
| Natera Inc. | 2 Scripps Drive, Suite 104 | Commercial Lease | Assume |
| NCSRA Medical Corporation | 2 Scripps Drive, Suite 310 | Commercial Lease | Assume |
| Patrick Tsai D.D.S. | 2 Scripps Drive, Suite 210 | Commercial Lease | Assume |
| Rhea DeMesa | 2 Scripps Drive, Suite 203 | Commercial Lease | Assume |
| River Oaks Medical Group | 2 Scripps Drive, Suite 208 | Commercial Lease | Assume |
| University Capital Management | N/A | Property management agreement | Assume |

**ARTICLE VI**

**MEANS FOR IMPLEMENTATION OF THE PLAN**

Pursuant to §1123(a)(5) of the Code. The Debtors will, upon the confirmation of this Plan, complete the following steps:

1. Provide for payment to secured creditors under the plan from rental income generated from the Property.
2. Within the next 12 months, Debtor will complete the renovations to the remaining first floor suites.
3. Within 12 months of the Effective Date, Debtor will sell or refinance the Property and pay all secured and unsecured claims in full.
4. Under this Plan, Debtor retains all property of the estate.

5.  Administrative claims, including attorney fees, and trustee fees, that shall be paid upon confirmation of Debtors' plan

6.  Post-Confirmation Management: Debtor is a California limited liability corporation and owned and managed by Jeffrey Berger and will continue to manage its own affairs.

7.  Under this Plan, Debtor's equity holders will retain all property of the estate.

## ARTICLE VII

## EFFECT OF CONFIRMATION AND GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The Effective Date of this Plan is the fifteenth day following the date of the entry of the final order of confirmation. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Vesting of Property. On the Effective Date, all property of the estate will vest in Debtors.

Plan Creates New Obligations. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

Creditor Action Restrained. Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtors are not in material default under the Plan. If the Debtors are in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

Material Default Defined. If Debtors fail to make any payment, or to perform any other obligation required under the Plan, for more than 15 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtors and Debtors' attorney a written notice of Debtors' default. If Debtors fail within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtors are in Material Default under the Plan to all the members of the affected class.

Remedies Upon Material Default. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtors' pre-confirmation obligations.

Post-confirmation United States Trustee Quarterly Fees. A quarterly fee shall be paid by Debtors to the United States Trustee, for deposit into the Treasury, for each quarter (including any fraction thereof) until the case is converted, dismissed, or closed by the entry of a final decree pursuant to 28 U.S.C. § 1930(a)(6).

Chapter 11 Post-confirmation Reports and Final Decree. At the end of each calendar quarter, Debtors shall file with the Court a post-confirmation status report, the purpose of which is to explain the progress made toward full administration of the confirmed plan of reorganization. The first Report shall be filed for the portion of the calendar quarter from the date of confirmation to the end of the quarter. Subsequent reports shall be filed at the expiration of each calendar quarter thereafter until dismissal, conversion, or entry of a final decree closing the

case. Reports shall be filed with the Court and served upon the United States Trustee not later than twenty (20) days after the expiration of the reported quarter.

The Report shall include a statement of receipts and disbursements, with the ending cash balance, for the entire 90-day period. The report shall also include information sufficiently comprehensive to enable the court to determine:

(a) whether the order confirming the plan has become final; (2) whether deposits, if any, required by the plan have been distributed; (3) whether any property proposed by the plan to be transferred has been transferred; (4) whether Debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; (6) whether accrued fees due to the United States Trustee under 28 U.S.C. §1930(a)(6) have been paid; and (7) whether all motions, contested matters and adversary proceedings have been finally resolved.

(b) Service of Reports: A copy of each report shall be served upon the United States Trustee and other persons or entities as have requested service of such reports in writing with the Court, no later than the day upon which it is filed with the Court.

(c) Final Decree: After the estate is fully administered, Debtors shall file an application for final decree, and shall serve the application on the United States Trustee, together with a proposed final decree. The United States Trustee shall have twenty (20) days within which to object or otherwise comment upon the Court's entry of the final decree.

Discharge. Except as specifically provided in the Plan and/or the Confirmation Order, as of the Effective Date, Confirmation shall discharge the Debtor pursuant to section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims of any nature whatsoever, including any Claims and liabilities that arose prior to Confirmation, and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a Proof of Claim based on such Claim was filed or deemed filed under section 501 of the Bankruptcy Code, or such Claim was listed on the Schedules of the Debtors, (b) such Claim is or was Allowed under section 502 of the Bankruptcy Code, or (c) the holder of such Claim has voted on or accepted the Plan. Except as provided for in the Plan and/or the Confirmation Order, the rights that are provided in the Plan as of the Effective Date shall be in exchange for and in complete satisfaction,

settlement and discharge of all Claims against, liens on, and interests in the Debtor or any Estate Property.

Respectfully submitted,

LAW OFFICES OF GABRIEL LIBERMAN, APC

Dated: February 10, 2026

By:     /s/     Gabriel E. Liberman
             Gabriel E. Liberman
             Attorney for Debtor
             1545 River Park Drive, Suite 530
             Sacramento, CA  95815
             Gabe@4851111.com

12

# Exhibit A
## General Unsecured Creditor Distribution Schedule

| Name | POC Filed | Allowed Claim Amount | Months 1-11 | Month 12 |
|---|---|---|---|---|
| Atlas Disposal Industries | | $528.05 | $0.00 | $528.05 |
| City of Sacramento Utilities | | $2,655.20 | $0.00 | $2,655.20 |
| Consolidate Communications | | $97.51 | $0.00 | $97.51 |
| Elevator Technology, Inc. | | $1,338.00 | $0.00 | $1,338.00 |
| Franchise Tax Board | 3 | $68.00 | $0.00 | $68.00 |
| Internal Revenue Service | 1 | $1,758.43 | $0.00 | $1,758.43 |
| Kelly Spicers Facility Solutions | | $238.12 | $0.00 | $238.12 |
| Law Office of Richard P. Bernstein | | $11,352.50 | $0.00 | $11,352.50 |
| Melinda Walker (Insider) | | $0.00 | $0.00 | $0.00 |
| Myers Restaurant Supply | | $750.00 | $0.00 | $750.00 |
| Pest Control Center | | $110.00 | $0.00 | $110.00 |
| Sacramento Control Systems Inc | | $7,064.09 | $0.00 | $7,064.09 |
| Sacramento County Utilities | 2 | $392.86 | $0.00 | $392.86 |
| SMUD | | $5,166.14 | $0.00 | $5,166.14 |
| TechSpace | | $7,359.00 | $0.00 | $7,359.00 |
| Turner Building Maintenance LLC | | $7,050.48 | $0.00 | $7,050.48 |
| | | | | $45,928.38 |