**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman, SBN 303010
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone & Fax: (916) 485-1111
E-mail: Gabe@4851111.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re: | Case No. 2025-26371 |
| | DCN: GEL-4 |
| SCRIPPS TWO, LLC | [NO HEARING REQUESTED] |
| FEIN: 92-0622957 | Place: United States Bankruptcy Court<br>Courtroom 13, Fifth Floor,<br>2500 Tulare Street,<br>Fresno, California |
| Debtor. | |
| | Judge: Honorable René Lastreto II |

**EXPARTE MOTION TO EMPLOY PALMER CAPITAL INC.**

**AS REAL ESTATE BROKER**

SCRIPPS TWO, LLC, the debtor in possession in the above-referenced case ("Debtor in Possession"), hereby requests authority to employ Bill Palmer, agent of PALMER CAPITAL INC. ("PALMER") as its Real Estate Broker and in support of this motion respectfully represents the following:

**REQUEST FOR RELIEF**

The Debtor in Possession respectfully requests the Court grant the following relief:

1. To authorize the Debtor in Possession to retain PALMER pursuant to the terms of an Exclusive Sales Listing Agreement (the "Listing Agreement") to assist in the valuation,

- 1 -

marketing and sale analysis of Campus Commons, 2 Scripps Drive, Sacramento CA (the "Property") in conjunction with the potential orderly disposition to repay creditors. *See* Listing Agreement attached as Exhibit 1 to the Exhibit Document filed concurrently herewith.

2. To authorize the Debtor in Possession to list the Property with PALMER without the need for additional orders approving employment;

3. To provide in the Order approving the Listing Agreement (the "Agreement Approval Order") that (a) the proposed sale of the Property owned by the Debtor in Possession are subject to Bankruptcy Court approval with over bidding, and (b) all fee commissions from approved sales sought by PALMER shall be subject to Bankruptcy Court approval pursuant to section 328 of the Bankruptcy Code;

4. To deem the Listing Agreement modified to incorporate all the provisions of the Agreement Approval Order; and

5. To provide such other relief as is just and appropriate in the circumstances of this case.

**BACKGROUND**

6. The Debtor in Possession filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") on November 12, 2025 (the "Petition Date").

7. The Debtor in Possession remains in possession of its estate, no trustee having been appointed.

8. The Debtor in Possession is operating and managing its business pursuant to the provisions of Sections 1107 and 1108 of the Bankruptcy Code.

9. Debtor is a real estate holding company and holds two parcels of property. Its main asset, is the Property. The Property is a three-story office building built in 1973 with on-site parking for 201 vehicles and has a gross building area of 36,109 square feet and sits on a 1.93 acre lot. The Property was appraised as of October 13, 2025, with a current fair market value at $17,120,000.

10. Debtor has determined following the denial of its disclosure statement that an orderly sale of the Property would be in the best interest of the estate and its creditors.

### REASON FOR SELECTION

11. PALMER lists and sells commercial real estate such as the Property at hand.

12.  Details regarding the more general qualifications of PALMER may also be found at PALMER's website at https://www.palmercapital.com/Firm/Index/0

### SCOPE OF PALMER'S EMPLOYMENT

13. Under the terms of the Listing Agreement, PALMER will provide real estate brokerage services, including advising Debtor in Possession regarding the marketing, listing, and sale of the Property during the pendency of the Bankruptcy Case.

14. All sales of real property will be subject to Bankruptcy Court approval, and that approval of the Consulting Agreement does not in any way require the Debtor or the Bankruptcy Court to approve a sale offer presented by PALMER.

### DISINTERESTEDNESS

15. As set forth in the Declaration of Bill Palmer filed herewith and to the best of Mr. Palmer's knowledge, information and belief, (i) PALMER does not have any connections with the Debtor in Possession, its creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the Office of the United States Trustee which would preclude employment, and (ii) does not now hold or represent any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, except as disclosed below.

16. PALMER determined that they have one connection with the Debtor in Possession's

creditors or parties-in-interest, specifically Red Oak Capital. PALMER has presented and continues to present Red Oak Capital with opportunities to provide financing for other clients.

**COMPENSATION**

17. The Listing Agreement provides PALMER will be paid a sale commission equal to two and half percent (2.5%) of the purchase price of the Property, including an additional ten-thousand ($10,000) as a marketing expense fee in the event a successful sale is closed. PALMER understands and agrees that all compensation is subject to Sections 328, 330 and 331 of the Bankruptcy Code.

18. Notwithstanding anything to the contrary contained in this Motion and its supporting papers, PALMER agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the UST Guidelines will apply and prevail.

19. PALMER recognizes the duty to disclose connections pursuant to Bankruptcy Rule 2014 is a continuing obligation.

20. PALMER confirms and understands that the professional fees and expenses it will be allowed and may be paid for PALMER's services provided to the Debtor in Possession shall be determined by the United States Bankruptcy Court in the above-referenced case and not pursuant to a non-judicial arbitration process.

21. PALMER further understands and agrees that all compensation is subject to Sections 328, 330, and 331 of the Bankruptcy Code. Notwithstanding anything to the contrary contained in this application and its supporting papers, PALMER agrees that the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and the UST Guidelines will apply and prevail.

22. To the extent that any provision of the Listing Agreement conflicts with in any way this Motion, or the Order approving this Motion, the terms of the Order approving the Motion shall govern.

**CONCLUSION**

23. The Debtor in Possession believes it is essential that PALMER be employed to provide the services described above. The Debtor in Possession further requests the Court approve the employment of PALMER as REAL ESTATE BROKER for the Debtor in Possession effective as of March 18, 2026.

WHEREFORE, based upon the foregoing, the Debtor in Possession requests that the Court approve the relief requested herein.

Dated: March 25, 2026                       LAW OFFICES OF GABRIEL E. LIBERMAN, APC

By:   /s/ Gabriel E. Liberman
        Gabriel E. Liberman
        Attorney for Debtor
        1545 River Park Drive, Suite 530
        Sacramento, California 95815
        Telephone: (916) 485-1111
        E-mail: Gabe@4851111.com

- 5 -