**BRYAN CAVE LEIGHTON PAISNER LLP**
Sharon Z. Weiss (State Bar No. 169446)
*sharon.weiss@bclplaw.com*
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone:     (310) 576-2100
Facsimile:     (310) 576-2200

William J. Easley (Admitted Pro Hac Vice)
*will.easley@bclplaw.com*
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone:     (816) 374-3200
Facsimile:     (816) 374-3300

*Attorneys for ROIOF SERIES, a series of
RED OAK CAPITAL FUND SERIES, LLC*

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 25-26371-A-11 |
| Scripps Two, LLC, | Chapter 11 |
| Debtor. | DCN: ROC-2 |
| | **ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| | Date:   May 14, 2026<br>Time:  9:30 a.m. PT<br>Place:  2500 Tulare Street, 5th Floor<br>    Courtroom 13, Dept. B<br>    Fresno, CA 93721 |
| | Judge: Honorable René Lastreto II |

1

## TABLE OF CONTENTS

I.      ARGUMENT .................................................................................................................. 1

        A.      The Opposition Fails To Demonstrate That Debtor Submitted A Plan With A
                Reasonable Likelihood Of Being Confirmed Within A Reasonable Time Under
                Section 362(d)(3). .............................................................................................. 1

        B.      An Appraisal That Is Contradicted By Debtor's Other Evidence And Projections
                Cannot Substantiate A Sufficient Equity Cushion. ........................................... 2

        C.      A Creditor's Interest Is Not Adequately Protected When It Is Diminished By The
                Accrual Of Amounts Owed On Senior Interests. ............................................... 4

II.     CONCLUSION .............................................................................................................. 5

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*In re Billman*, No. 19-90989-E-7, 2020 WL 3256808 (Bankr. E.D. Cal. June 12, 2020) ......................................................................................................................................4

*In re Dev., Inc.*, 36 B.R. 998 (Bankr. D. Haw. 1984) ...................................................................4

*In re Holt*, No. 09-62439-13, 2010 WL 3294693 (Bankr. D. Mont. Aug. 20, 2010) .....................2

*In re LDN Corp.*, 191 B.R. 320 (Bankr. E.D. Va. 1996) ............................................................1, 2

*In re Mellor*, 734 F.2d 1396 (9th Cir. 1984)..................................................................................2

**Federal Statutes**

11 U.S.C. § 362(d)(3)(A)-(B) ..........................................................................................................1

11 U.S.C. § 362(g)(1)-(2) .................................................................................................................2

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

ii

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

Secured Creditor and party-in-interest ROIOF Series, a Series of Red Oak Capital Fund Series, LLC ("Red Oak") submits this Reply in support of its Motion for Relief From the Automatic Stay and Supporting Memorandum of Points and Authorities [ECF 94] (the "Motion"). Red Oak continues to review Debtor's proposed resolution of the Motion, as described in Debtor's Opposition to Motion of ROIOF Series, a Series of Red Oak Capital Fund Series, LLC's Motion for Relief from the Automatic Stay [ECF 114] (the "Opposition"), and Debtor and Red Oak continue to discuss to determine if a consensual resolution of the Motion can be reached. Red Oak, however, maintains that it has established that immediate relief from the automatic stay is justified, and that any conditional stay relief that provides Debtor additional time to complete a sale should be consensual, since interests senior to Red Oak continue to accrue and threaten to render Red Oak undersecured.

## I.      ARGUMENT

In summary, the Motion should be granted because (1) the Opposition fails to demonstrate that Debtor submitted a plan with a reasonable likelihood of being confirmed within a reasonable time within the ninety day period set forth in Section[1] 362(d)(3); (2) stay relief is proper for cause under Section 362(d)(1) because there is not a sufficient equity cushion in the Property to protect Red Oak's interests; and (3) any equity cushion that exists is being eroded by the accrual of amounts owed on senior interests.

**A.      The Opposition Fails To Demonstrate That Debtor Submitted A Plan With A Reasonable Likelihood Of Being Confirmed Within A Reasonable Time Under Section 362(d)(3).**

As a threshold matter, the Motion should be granted under Section 362(d)(3) because Debtor fails to demonstrate that it submitted a plan with a reasonable likelihood of being confirmed within a reasonable time within the 90 day period provided in the Bankruptcy Code. Indeed, the Opposition contains no reference to Section 362(d)(3) and further concedes that "the plan was unconfirmable and a new disclosure statement and plan would be filed…". [ECF 114 at ¶ 7]. Stay relief is proper under Section 362(d)(3) if, within 90 days after the Petition Date, the debtor has neither (A) filed a plan of reorganization with a reasonable likelihood of being confirmed within a reasonable time nor

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC'S
REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY

(B) commenced monthly payments equal to the applicable non-default rate of interest. 11 U.S.C. § 362(d)(3)(A)-(B). As noted in the Motion, the purpose of Section 362(d)(3) is to expeditiously identify the single asset real estate cases with a reasonable probability of successfully confirming a plan or identify whether there are no such prospects. *See In re LDN Corp.*, 191 B.R. 320, 326 (Bankr. E.D. Va. 1996).

Here, Debtor has conceded that its plan "was unconfirmable and [that] a new disclosure statement and plan would be filed to resolve the issues raised by CSCDA and Red Oak." [ECF 114 at ¶ 7]. Debtor also acknowledges that it did not begin submitting payments equal to the non-default rate of interest to Red Oak as of 90 days past the Petition Date, given that Debtor only proposes making such payments now in connection with its Opposition. [*See* ECF 114 at ¶ 10]. The Opposition, therefore, demonstrates that stay relief is proper under Section 362(d)(3) on its face. Indeed, this case demonstrates the importance of the protections of Section 362(d)(3). As noted in the Motion, Debtor's monthly operating reports have shown revenues that have consistently underperformed Debtor's projections. [ECF 94 at pp. 17-18]. Such revenue shortfalls raise substantial concerns regarding Debtor's ability to confirm a plan, which is precisely the concern that Section 362(d)(3) was intended to address. *See LDN Corp.*, 191 B.R. at 326. Red Oak, therefore, has established that granting relief from the automatic stay is proper under Section 362(d)(3), and the Motion may be granted on these grounds alone.

**B.      An Appraisal That Is Contradicted By Debtor's Other Evidence And Projections Cannot Substantiate A Sufficient Equity Cushion.**

Additionally, the Motion should be granted for "cause" under Section 362(d)(1) because Debtor fails to carry its burden to establish that an equity cushion adequately protects Red Oak's interests. While the movant seeking stay relief bears the burden of proof on the issue of a debtor's equity in the property, "the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. § 362(g)(1)-(2). Here, Debtor bears the burden of establishing that an equity cushion exists because "[t]he burden of proof is always on the debtor to prove that a creditor's interest is adequately protected by an equity cushion." *In re Holt*, No. 09-62439-13, 2010 WL 3294693, at *6 (Bankr. D. Mont. Aug. 20, 2010); *see also In re Mellor*, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984) (outlining the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

2

differing definitions of "equity" and "equity cushion"). In the Opposition, Debtor alleges that Red Oak did not present admissible evidence regarding the valuation of the Property and that Red Oak is protected by an equity cushion of 22% based on the Debtor Appraisal's valuation of $16,260,000. [ECF 114 at p. 4]. These arguments fail because (1) Red Oak properly relied on Debtor's own evidence and statements to establish the value of the Property and (2) Debtor fails to address the errors in the Debtor Appraisal that, when corrected, demonstrate that the value of the Property is instead $14,026,800.

With respect to Debtor's evidentiary challenges, the Opposition identifies no specific grounds challenging the admissibility of the evidence Red Oak submitted in support of its motion. To establish that relief from the automatic stay is proper, Red Oak relied on statements by Debtor in its Disclosure Statement and other filings in this case, Debtor's monthly operating reports, and statements made by Debtor's listing agent to demonstrate the value of the Property. These matters either constitute judicial admissions or an opposing party's statement under Fed. R. Evid. 801(d)(2) and are admissible evidence. Red Oak, however, reserves all rights to otherwise respond to any evidentiary objections Debtor may make in advance of the hearing in this matter.

Granting Red Oak relief from the automatic stay is also proper because any equity cushion that exists is insufficient to adequately protect Red Oak's interests. As noted in the Motion, courts generally find that equity cushions above 20% are sufficient to provide adequate protection, while equity cushions below 12% are rarely adequate. [ECF 94 at p. 21 (compiling cases)]. As set forth in the Motion, Red Oak established that the Debtor Appraisal overestimated the Property's operating income and underestimated its property tax liabilities. The Opposition, however, does not refute the errors cited by Red Oak or provide any adjustment to its valuation. Debtor, therefore, fails to carry its burden to establish a sufficient equity cushion protecting Red Oak's interest since it relies on the stated valuation provided in the Debtor Appraisal without addressing the issues with the Debtor Appraisal raised by Red Oak.

In addition to Debtor failing to carry its burden, Red Oak independently established that the equity cushion in the Property is insufficient to adequately protect its interests because, after the Debtor appraisal is corrected to reflect Debtor's actual operating income and property tax liabilities,

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

3

the existing equity cushion is instead 3%. As noted in the Motion, the budget provided with the Disclosure Statement demonstrates that the Debtor Appraisal overestimated operating income by, at minimum, approximately 6.5% ($77,293). [*Compare* ECF 61 at p. 114 *with* p. 152]. Red Oak additionally established that the Debtor Appraisal underestimated property taxes at $69,607, given that Debtor's 2025 tax liability was approximately $111,349.19. Indeed, Red Oak's property tax estimate itself is likely underestimated because the Disclosure Statement projects 2026 property taxes at $205,125 even before any sale. [*Compare* ECF 61 at p. 17 *with* p. 114]. Even holding the rest of the Debtor Appraisal's assumptions constant, correcting the overestimation of the Property's operating income and underestimation of property taxes results in a valuation of $14,026,800 and an equity cushion of 3%. Red Oak, therefore, has established that the equity cushion is insufficient to provide adequate protection under Ninth Circuit precedent.

**C.  A Creditor's Interest Is Not Adequately Protected When It Is Diminished By The Accrual Of Amounts Owed On Senior Interests.**

Finally, additional "cause" exists to grant relief from the automatic stay because the 3% equity cushion is rapidly eroding. The erosion of an existing equity cushion constitutes sufficient "cause" to grant relief from the automatic stay. *See In re Billman*, No. 19-90989-E-7, 2020 WL 3256808, at *5 (Bankr. E.D. Cal. June 12, 2020); *In re Dev., Inc.*, 36 B.R. 998, 1007 (Bankr. D. Haw. 1984). Here, and even with the increased payments Debtor proposes to make to Red Oak in the Opposition, Debtor still provides no payments to CSCDA or on past-due and upcoming property taxes. Interest and other costs will continue to accrue on these claims, which will further erode Red Oak's equity cushion the longer that this case proceeds.

Further, it is not clear the Debtor has the ability to make these proposed increased monthly payments to Red Oak. Debtor's monthly operating reports show that revenues have fallen below $69,750 in November 2025, December 2025, and March 2026. [ECF 48, 50, 109]. While Debtor's revenues exceeded $69,750 in January and February of 2026, its revenues would not be sufficient to pay operating expenses after making these increased payments to Red Oak. [*See* ECF 71 (showing income of $72,132 for January 2026); 106 (showing income of $74,775 for February 2026)]. Debtor's monthly operating reports, therefore, demonstrate that Debtor may not have sufficient

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401-2386

revenues to make these increased payments to Red Oak to prevent the continued accrual of Red Oak's claim, much less provide sufficient payment to prevent the further accrual of senior interests. Red Oak, therefore, established that any equity cushion that exists is eroding, and relief from the automatic stay is proper to prevent further diminution of Red Oak's interest in the Property.

## II.　　CONCLUSION

For the reasons stated, Red Oak respectfully requests that this Court enter an order (i) granting Red Oak immediate relief from the automatic stay pursuant to Section 362(d)(1) and (3) to exercise all rights and remedies it may have against the Collateral, (ii) waiving any stay applicable to the order, including the stay otherwise imposed under Federal Rule of Bankruptcy Procedure 4001(a)(3), such that the order is effective immediately upon entry, and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  May 11, 2026　　　　　　　　　　　Respectfully submitted,


By: _/s/ Sharon Z. Weiss_
　　　Sharon Z. Weiss
　　　William J. Easley (Admitted Pro Hac Vice)
Attorneys for ROIOF SERIES, a series of RED OAK CAPITAL FUND SERIES, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA  90401-2386

ROIOF SERIES, A SERIES OF RED OAK CAPITAL FUND SERIES, LLC'S
REPLY IN SUPPORT OF ITS MOTION FOR RELIEF FROM THE AUTOMATIC STAY